**JIAN FEI WU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 08–3429–ag.

United States Court of Appeals, Second Circuit.

March 17, 2009.

John Chang, New York, N.Y., for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Dalin R. Holyoak, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Fei Wu, a native and citizen of China, seeks review of a June 26, 2008 order of the BIA affirming the January 31, 2007 decision of Immigration Judge ("IJ") Javier Balasquide pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jian Fei Wu*, No. A 98 220 220 (B.I.A. June 26, 2008), *aff'g* No.

A 98 220 220 (Immig. Ct. N.Y. City Jan. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

In his brief before this Court, Wu waives any challenge to the IJ's pretermission of his untimely asylum application. Further, because Wu failed to challenge the agency's denial of his request for CAT relief before either the BIA or this Court, he has abandoned that claim. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007); *see also Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Thus, only the agency's denial of Wu's application for withholding of removal is properly before us.

With respect to Wu's withholding of removal claim, which was based solely on Wu's assertion that he had a well-founded fear of future persecution, the IJ noted that his similarly situated family members and fellow church members sill live in China, apparently without incident. The IJ further observed that because Wu had previously lived and worked in another area of China for six months, he could avoid persecution by relocating within that country. As the government correctly contends, Wu fails to challenge either of these findings. Therefore, they stand as valid bases for the IJ's denial of Wu's claim for withholding of removal. *See* 8 C.F.R.

§ 1208.16(b)(1); *see also Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007) (finding that petitioner's failure to exhaust any challenge to the IJ's relocation finding was independently dispositive of his claim for withholding of removal); *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished). Accordingly, even assuming his credibility, Wu's withholding of removal claim fails.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.